Argued April 26, decided May 17, 1910.

## WHITE v. PRICE.

[108 Pac. 776.]

CONTRACTS—PERFORMANCE—SUFFICIENCY.

1. Where defendant agreed to pay plaintiff a certain sum for procuring relinquishment of a claim of a homestead, so that his son might enter on it, on condition that no contest were filed before a certain date, and such contest was filed, no recovery could be had of defendant on the agreement, though the withdrawal of the contest was procured, and though the son entered on the land and might be liable for the reasonable value of the services.

COSTS—APPORTIONMENT—DISMISSAL OF CAUSE.

2. On a decree dismissing plaintiff's suit on defendant's contract to pay for procuring relinquishment of a claim of homestead so that defendant's son might enter thereon, on condition that no contest were filed before a certain date, such a contest having been filed but withdrawn and the son having entered the land, each party must bear his own costs.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by B. H. White against W. C. Price and the United States National Bank to collect from the defendant Price, the sum of six hundred dollars on an alleged verbal contract for the sale of certain homestead rights in 160 acres of land in the State of Idaho.

The complaint alleges:

"That on or about the 6th day of April, 1908, plaintiff and defendant, W. C. Price, entered into an oral agreement and contract wherein and whereby it was agreed by and between plaintiff and said defendant Price that if the plaintiff would induce and secure one George H. Palmer to relinquish to the government of the United States a certain homestead right held by said George H. Palmer on the S. W. ¼ of section 9, township 5 N., range 4 W., Canyon County, State of Idaho, and would otherwise

assist said defendant Price in securing said tract of land
as a homestead to be filed upon, under the general laws
of the United States regulating the taking of homesteads,
by Austin Price, a son of the defendant W. C. Price,
upon said services being rendered, the said defendant W.
C. Price would pay to plaintiff the sum of $600 for such
services.    That in pursuance of said agreement said
defendant W. C. Price deposited the sum of $600 with the
said defendant National Bank as security for the per-
formance of said agreement on the part of said defendant
W. C. Price, with the agreement and understanding that
said sum was to be paid over and delivered to plaintiff
upon the performance of the agreement aforesaid, and the
said defendant National Bank received said sum of $600
with full notice and knowledge of said agreement by and
between plaintiff and defendant W. C. Price, and has ever
since and does now retain said sum of $600 as a special
deposit under the terms of said agreement, and that plain-
tiff is entitled to be paid out of such sum so deposited.
That in pursuance of said agreement, and in pursuance of
said sum of $600 being deposited with said bank as afore-
said, the said plaintiff secured from the said George H.
Palmer a relinquishment to said lands, and delivered the
same to said defendant W. C. Price, to be returned to the
United States Land Office in the State of Idaho, in the
district where said lands are situated, and the said defend-
ant W. C. Price duly caused said relinquishment to said
lands to be filed in the said land office and thereupon the
said plaintiff under said agreement accompanied said
defendant W. C. Price and his said son Austin Price to
the State of Idaho, and pointed out to them the said lands,
and purchased and bought in a certain contest proceed-
ing, which had been filed against said homestead in the
said land office in said district and State of Idaho, and
caused the same to be canceled and withdrawn, and other-
wise aided and assisted in securing said lands, as a home-
stead, to be filed upon by said Austin Price, according
to said agreement and under and by virtue of the laws
of the United States regulating the taking of public lands
as a homestead, and that thereupon the said Austin Price,
under the direction of said defendant W. C. Price, duly
made application to the said land office and duly filed upon
said lands, according to said agreement, and under and

pursuant to the provisions of the general laws of the United States regulating the taking of homesteads, and is now in the possession of said lands as aforesaid. That plaintiff has fully performed all of the terms and conditions of said agreement upon his part to be performed, and has paid out and expended in acquiring and securing said homestead to said Austin Price under the terms of said agreement the sum of $370.50 in cash, and, in addition to such expenditure, was absent from his place of business for seven days or thereabouts and suffered great loss and inconvenience on account thereof, and that, by reason of the foregoing, there is now due and owing the plaintiff the said sum of $600. That after said agreement had been performed by plaintiff as aforesaid, and on or about the —— day of April, 1908, the said defendant W. C. Price notified the said defendant bank not to pay over to plaintiff the said sum of $600, and the said defendant bank ever since has, and does now, refuse to pay over to plaintiff the said sum of $600 or any part thereof. That said defendant W. C. Price is wholly insolvent and has no property within the State of Oregon subject to execution or out of which said plaintiff could secure his said claim. That plaintiff has no adequate or sufficient remedy at law against the said defendant W. C. Price, and that the said defendant bank threatens to turn over said money the said defendant Price, and that, unless the said defendant bank is immediately restrained and enjoined by an order of this court from delivering or paying to said defendant W. C. Price said sum of money, that plaintiff will suffer irreparable injury and damage."

The complaint concluded with a prayer for an injunction *pendente lite,* and for a decree against defendant W. C. Price for the sum of $600 and costs, and an order of the court directing the defendant bank to pay over to plaintiff the sum of $600.

The answer admitted the first paragraph of the complaint, specifically denied the other allegations thereof, and set up fraud and misrepresentation on the part of plaintiff in obtaining the contract, which latter allegations are denied in the reply.        REVERSED.

For appellant there was a brief with oral arguments by *Mr. Alva O. Condit* and *Mr. George G. Bingham.*

For respondent there was a brief with oral arguments by *Mr. Grant Corby* and *Mr. Charles W. Corby.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Without passing on the various other questions raised on the appeal, we are satisfied that plaintiff is not entitled to relief as against these defendants. The evidence shows conclusively that Austin Price, son of W. C. Price, was desirous of securing a homestead location; that plaintiff informed him that he knew of a claim near Notus, Idaho, which the then occupant would relinquish to him for $600; that W. C. Price, the father of Austin, agreed to advance the money for that purpose, providing there should be no contest filed by April 9, 1908; and that in pursuance of that agreement he deposited with defendant bank the sum of $600, which was received and placed in the general funds of the bank, and a cashier's check for the amount placed in the safe in an envelope containing this indorsement, signed by defendant Price:

"I, Mr. Price, deposit $600 with the United States National Bank, to pay for homestead relinquishment No. 8552, entry of S. W. 4 of section 9 in T. 5 N. of range 4 west under sec. 2290. Providing there is no contest filed by Apr. 9, 1908, against said claim. W. C. Price."

Defendant and his son, Austin, went to look at the land, and the next day Austin Price, accompanied by plaintiff, went to Boise City, had an attorney prepare his homestead application, and, in company with plaintiff, went to the land office, where the application was sworn to, and, together with the relinquishment, delivered to the register, who then informed them that one Andrews had filed a contest against the claim of Palmer, whose relinquishment they had just filed. Thereupon Price, at

the suggestion of plaintiff, demanded the return of the relinquishment and application, which were refused by the register. Price then left the land office, in company with plaintiff, without paying the fees upon his application, and they returned to Middleton, but W. C. Price had gone to Parma. Austin Price followed him to that place, leaving plaintiff at Middleton. Plaintiff sought Andrews and induced him to withdraw his contest. He then returned to Boise and filed Andrews' relinquishment, and paid the filing fee of $16 on Austin Price's application, taking the land office's receipt therefor, which he subsequently gave to Austin Price. This was completed on the 9th of April. On the same day plaintiff and Austin Price took the train at Caldwell, and at Parma met W. C. Price, who repudiated the whole transaction. The day before this defendant Price, on being informed by his son of the contest, told him he would not have anything more to do with the matter, and they agreed to drop it. But this was not communicated to plaintiff, although defendant claims he notified him over the phone on the 8th of April that he would have nothing further to do with the matter.

Defendant Price had no interest in the land, and could have none without a violation of the laws of the United States. His position in regard to the matter was analogous to that of surety or guarantor for payment of a sum of money to become due upon a consideration passing from plaintiff to his son. He was entitled to stand upon the strict letter of his contract. If no contest was filed by April 9th, he was required to pay the money. If one was filed by that date, he had a right to refuse to do so. When, on April 8th, he found that a contest had been filed, he was released from liability unless he chose to waive the default, which he certainly did not do. Whether or not Austin Price voluntarily assented to the filing of the application and took possession of the land

can make no possible difference, as he was not an agent with authority to bind his father.

2. There was considerable testimony on the part of the Prices tending to show that plaintiff had taken advantage of their intimate friendship and church relations to deceive them into entering into this contract in the first instance, but this is strenuously denied by plaintiff, and in our view of the case is not necessary to its decision. Whatever remedy plaintiff may have against Austin Price for services renedered in the matter of procuring his homestead he is precluded by the very terms of the deposit from enforcing any claim against the fund so created or against W. C. Price.

Under the circumstances, however, we will not require plaintiff to pay the costs. There will be a decree dismissing this suit; each party bearing his own costs.